| | |
|---|---|
| **No. 16-1329** | **September Term, 2016** |
| | FERC-154FERC61080 |
| | FERC-156FERC61160 |
| | **Filed On:** November 17, 2016 |

Sierra Club, et al.,

       Petitioners

    v.

Federal Energy Regulatory Commission,

       Respondent

------------------------------

Duke Energy Florida, LLC, et al.,
       Intervenors

------------------------------

Consolidated with 16-1387

      **BEFORE:**    Tatel, Kavanaugh, and Millett, Circuit Judges

### O R D E R

      Upon consideration of the emergency motions for stay and for expedited consideration, the responses thereto, and the reply; the Rule 28(j) letter and the response thereto; the revised emergency motion, construed as a motion to modify the proposed expedited briefing schedule and format, the responses thereto, and the reply; and the motion for leave to participate as amicus curiae of the Florida Reliability Coordinating Council, Inc., the lodged "brief" in response to the emergency motions, and the response thereto, it is

      **ORDERED** that the motion for leave to participate as amicus curiae be granted, but that the "brief" regarding the emergency motions be rejected. See D.C. Cir. Rule 29; D.C. Circuit Handbook of Practice and Internal Procedures 38-39 (2016) ("D.C. Circuit Handbook").  It is

**FURTHER ORDERED** that the motion for stay be denied. Petitioners have not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook at 33. It is

**FURTHER ORDERED** that the motion for expedited consideration be granted to the extent that the following briefing schedule and format apply in these consolidated cases:

| | |
|---|---|
| Joint Principal Brief for Petitioners in No. 16-1329 (not to exceed 10,000 words) | December 9, 2016 |
| Joint Principal Brief for Petitioners in No. 16-1387 (not to exceed 6,250 words) | December 9, 2016 |
| Principal Brief for Respondent (not to exceed 16,250 words) | January 31, 2017 |
| Joint Brief for Respondent-Intervenors (not to exceed 8,750 words) | February 7, 2017 |
| Brief for Amicus Curiae (not to exceed 5,000 words) | February 7, 2017 |
| Joint Reply Brief for Petitioners in No. 16-1329 (not to exceed 5,000 words) | February 21, 2017 |
| Joint Reply Brief for Petitioners in No. 16-1387 (not to exceed 3,125 words) | February 21, 2017 |
| Deferred Appendix | February 28, 2017 |
| Final Briefs | March 7, 2017 |

The Clerk is directed to schedule oral argument on the first appropriate date following the completion of briefing. The parties will be notified by separate order of the oral argument date and the composition of the merits panel.

The court reminds the parties that

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 16-1329**             **September Term, 2016**

>In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing ....  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

All issues and arguments must be raised by petitioners in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook at 41; Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

                **By:**     /s/
                            Robert J. Cavello
                            Deputy Clerk/LD